Allen *v.* Borum.

------•◆•------

## ALLEN *vs.* BORUM.

What amounts to a *compromise* of a debt, or claim.

THIS action was brought to recover upon four causes of action: 1. An account for goods sold by the plaintiff to the defendant in March and April, 1861, for $385. 2. Moneys paid by the plaintiff for the defendant, in March, 1861, $41.15. 3. A note given by the defendant to the plaintiff, for $246.03, dated January 8, 1861, at four months. 4. A note given by the defendant to the plaintiff, for $75.16, dated December 2, 1859, at eighteen months. The answer: 1. Alleges that the $385 of goods mentioned in the first

Allen *v.* Borum.

cause of action were purchased on six months' credit. 2. Denies every allegation in the second cause of action. 3. Admits making and transfer to the plaintiff of the note set forth as the third cause of action, but denies that the plaintiff was holder or owner thereof, at the date of the complaint, but it had, before that time, been transferred by him, and passed out of his possession. 4. Alleges that the note set forth in the fourth cause of action had been paid. 5. Alleges that on the 23d of March, 1863, the defendant made a compromise of the claims for $385, and $246.03, set forth in the first and third causes of action, with one Simmons, an agent of the plaintiff, who received, in place of said account and note, and as a compromise thereof, a draft drawn by the defendant on Horton, Depew & Sons, Peekskill, New York, dated March 23, 1863, for $313.02, at sixty days from date, which draft was received by the plaintiff, and the act of his agent ratified and confirmed. That said draft was taken in lieu and in settlement of said account and note by the plaintiff, he knowing that the funds for the payment thereof were in the hands of the drawee ; and he thereafter, notwithstanding the commencement of this suit by his attorney, expressly accepting the agreement of the drawee to pay the draft ; that on the day of maturity of the draft, May 25, 1863, said draft being then in possession of the plaintiff, the defendant tendered to the plaintiff the full amount of the draft ; that the plaintiff refused to receive it, or to deliver up the draft ; that the defendant is still ready and willing to pay to the plaintiff the amount due on the draft, and bring the same into court, ready to be paid to the plaintiff. At the trial, the plaintiff, after fixing the period of credit on the account for $385, and showing that on the 25th of March, 1863, on which day this suit was commenced, the note for $246.03 was in his possession, or under his control, withdrew the claim mentioned in the second cause of action, and rested. The defendant attempted, by the cross-examination of John Simmons, and by the testimony of John Jordan and himself, to

prove the making of the compromise set up in the answer. This alleged compromise was the only point litigated at the trial. The agreement of compromise is unsealed, and is signed by John Simmons. It states that the agent has settled and compromised the claim of R. L. Allen against Borum and McClean, and has received a draft on Horton, Depew & Sons, for $313.02, which, *if accepted by Horton, Depew & Sons, is to be in full of said demands,* "and in consideration thereof, I hereby discharge said Borum and McClean from any further demand on the same." At the time of giving the draft and receipt of March 29, 1863, Borum showed to Simmons, in answer to a question as to his authority to draw the draft, a letter from Horton, Depew & Sons, authorizing him to draw on them.

The draft seems to have been sent by Simmons to the plaintiff, by mail. It was presented through the bank, to Horton, Depew & Sons, who refused to accept it. Horton went to Norfolk, Va. April 7th or 8th, 1863, and then had the draft with him. His firm had, on the 23d February, 1863, by a written agreement of that date, purchased from Borum his entire stock of goods, and the $313.02 draft was charged to Borum, and allowed in the settlement of the stock purchased.

On the 27th of April, 1863, the plaintiff's cashier sent the draft to Simmons, at Norfolk, by mail, to be returned to Borum. That letter was not received by Simmons, and the draft did not reach Borum.

At the trial, the court, under the plaintiff's exceptions, permitted the defendant to prove that when the written agreement of compromise of March 29, 1863, was entered into, there was also a *verbal agreement* between Borum and Simmons, that if Horton, Depew & Sons failed to accept the draft, it might be paid on or before maturity by Borum, and that such payment would discharge the debt; and that on the day when the draft matured, J. R. Pomeroy called on the plaintiff, and tendered payment of the draft.

The jury found a verdict for the defendant.

Thereupon the court ordered that proceedings be stayed for thirty days, to enable the plaintiff to make a case and exceptions — the same to be heard in the first instance at the general term; judgment to be, in the meantime, suspended.

*L. Birdseye*, for the plaintiff.

*Chambers & Pomeroy*, for the defendant.

*By the Court*, CLERKE, J. None of the exceptions taken in this case seem to be tenable. The only question to be determined is, was there a compromise of the debt which the defendant owed the plaintiff? This debt amounted to $695.02. On the 20th of March, 1863, the plaintiff authorized one John Simmons to accept, on his behalf, 45 per cent of this debt in a draft on Horton, Depew & Sons. In pursuance of this authority, Simmons received this draft from the defendant, amounting to $313, which, if accepted, was to be in full of all demands. The draft was not at first accepted by Horton, Depew & Sons. At this time, no doubt, the plaintiff was at liberty to revoke the settlement, and indeed it may be considered that he was under no obligation to recognize it, even without an express revocation. But he kept the draft, and, on the day it fell due, when the defendant tendered payment of it, and asked for the draft, the plaintiff would neither return the draft nor accept payment of it. The draft was not produced at the trial, on the defendant's demand. In the beginning of April, 1863, Mr. Horton, one of the firm on whom the draft was drawn, proceeded to Norfolk, where the defendant lived, and on his way received the draft in question, from the plaintiff, with authority to settle it. Mr. Horton's object in going to Norfolk was to purchase the stock of goods belonging to the defendant, in Norfolk. Upon this purchase between Horton and the defendant, Horton produced this draft; that amount was charged to the defend-

ant, and allowed in the settlement of the purchase; and the draft was retained by Horton, who agreed to pay over the amount to the plaintiff on his arrival in New York.

On this evidence the jury decided that there was a compromise of the plaintiff's debt. Although the first arrangement did not amount to a compromise, the whole transaction, in my opinion, did; and the defendant is entitled to judgment on the verdict, with costs.

[NEW YORK GENERAL TERM, June 4, 1866. *Sutherland, Clerke* and *Geo. G. Barnard,* Justices.]